FILED

FEB 19 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08cr0400-IEG |
|---|---|
| Plaintiff, | ) **I N F O R M A T I O N** |
| v. | ) |
| JASON ALAN O'NEAL, aka Jason Alan Brown, | ) Title 18, U.S.C., Sec. 1001(a)(2) – False Statements |
| Defendant. | ) |

The United States Attorney charges:

1. At all times pertinent up through January 9, 2008:

    a. Defendant JASON ALAN O'NEAL, aka Jason Alan Brown, was employed as an officer with the Bureau of Customs and Border Protection, Department of Homeland Security, an agency within the Executive Branch of the United States Government and was most recently assigned to the Secure Electronic Network for Travelers Rapid Inspection (SENTRI) program at the Otay Mesa, California Port of Entry.

    b. The Treasury Enforcement Communications System (TECS) is a computer system managed by the Department of Homeland Security and is a repository for data from many separate agency sources which assists law enforcement officers in the performance of their official duties.

    c. Officers of the Bureau of Customs and Border Protection are issued a secure password authorizing them to access the TECS

database as necessary but are not authorized to utilize TECS for personal reasons or for any purpose other than the performance of their official duties.

2. On or about January 8, 2008, within the Southern District of California, in a matter within the jurisdiction of the Executive Branch of the United States Government, to wit, a "smuggling" investigation being conducted by the Federal Bureau of Investigation, defendant JASON ALAN O'NEAL, aka Jason Alan Brown, did knowingly and willfully make false, fictitious, and fraudulent statements and representations as to material facts to Special Agents Terry C. Reed, Jr. and Sara G. Guzman, that is, he used TECS (with only a few exceptions) solely in his official capacity as an officer with the Bureau of Customs and Border Protection, whereas in truth and fact, as defendant then and there well knew, defendant accessed the TECS database in an unofficial and personal capacity to monitor SENTRI and border crossings of his girlfriend (who was suspected of illegal activities) over 100 times making the statements and representations false, fictitious, and fraudulent when made.

In violation of Title 18, United States Code, Section 1001(a)(2).

DATED: February _19_, 2008.

KAREN P. HEWITT
United States Attorney

By: *Edward C. Weiner*
EDWARD C. WEINER
Assistant U.S. Attorney

2